OPINION
Defendant-appellant, Mark Retherford, appeals the decision of the Butler County Court of Common Pleas classifying him as a sexual predator pursuant to R.C. Chapter 2950.
On May 17, 2000, appellant was indicted on one count of rape in violation of R.C. 2907.02, one count of attempted rape in violation of R.C. 2923.02 and one count of gross sexual imposition in violation of R.C. 2907.05. The charges were the result of allegations that appellant stroked and licked the vaginal area of a three-year-old girl. On August 4, 2000, appellant pled guilty to gross sexual imposition and the state dismissed the other two charges. On September 15, 2000, the trial court made a determination that appellant was a sexual predator pursuant to R.C. Chapter 2950.
On June 20, 2000, appellant was indicted on one count of sexual battery in violation of R.C. 2907.03 and on September 15, 2000, he entered a guilty plea to the charge. This charge was the result of an investigation that revealed that appellant had sexual relations with his thirteen-year-old stepdaughter. The stepdaughter became pregnant and had a child as a result. On September 29, 2000, the trial court again made a determination that appellant was a sexual predator.
Appellant now appeals from the trial court's determination that he is a sexual predator pursuant to R.C. Chapter 2950 and raises the following single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IF FOUND HIM TO BE A SEXUAL PREDATOR.
The trial court made a determination pursuant to R.C. 2950 that appellant was a sexual predator. A sexual predator is statutorily defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). As stated above, appellant pled guilty to two sexually oriented offenses. The issue for the trial court to determine was whether appellant was likely to commit another sexually-oriented offense in the future.
A trial court must find that a defendant is a sexual predator by clear and convincing evidence. R.C. 2950.09(B)(3). Clear and convincing evidence is evidence that "will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
The factors a trial court must consider in determining whether a person is a sexual predator are listed in R.C. 2950.09(B)(2)(a) through (J). The statute does not require that each factor be met in order for the trial court to find that a defendant is a sexual predator. When making a determination as to whether a defendant is a sexual predator, the trial court shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Appellant argues that the trial court erred in finding that he is a sexual predator because risk assessment tests classified him in the medium range for risk to re-offend. He also argues that he did not use alcohol in order to impair his victims or erode their free will, that he has no mental illness or disability.
However, several of the statutory factors weigh in favor of a determination that appellant is a sexual predator. First, there is a large disparity between the age of appellant and the ages of his victims. Appellant was twenty-seven years old and his latest victim was only three years old. Appellant was in his early twenties when he committed the sexual battery against his stepdaughter, who was thirteen at the time. Multiple victims were involved and one became pregnant as a result of appellant's actions. In addition, appellant was in a position of trust with his victims. One victim was his stepdaughter and the other was a niece of his current girlfriend.
Dr. Bobbi Hopes, a forensic psychologist, interviewed appellant, conducted testing, and prepared an expert report on appellant's likelihood of recidivism. She noted that tests she administered indicated appellant was in the medium range for likelihood of recidivism. However, her report indicated that appellant showed little empathy or concern for his victims and has difficulty accepting responsibility for his actions with regard to the offenses. Dr. Hopes concluded that based on all the evidence, appellant has a high risk of recidivism and may be difficult to treat.
Based on these considerations, we find that the trial court did not err in finding appellant a sexual predator. Although the tests administered by Dr. Hopes indicated appellant was in the medium range for likelihood of recidivism, this was only one factor for the trial court's consideration. Several of the other factors weigh heavily in favor of finding that appellant was likely to engage in the future in one or more sexually oriented offenses. Appellant's assignment of error is overruled.
Judgment affirmed.
VALEN and WALSH, JJ., concur.